UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DAVID KINNEY, an individual; et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  20-CV-1354-JO<br><br>**ORDER DENYING AS MOOT JUDGE HUFF'S MOTION TO DISMISS AND GRANTING MOTION TO STRIKE** |

Defendant Judge Marilyn Huff filed a motion to dismiss with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  In the alternative, Judge Huff moves to strike the parts of the complaint naming her as a defendant pursuant to Fed. R. Civ. P. 12(f).  For the reasons stated, Defendant's motion to dismiss is **DENIED AS MOOT** and Defendant's alternative motion to strike is **GRANTED.**

## BACKGROUND

Plaintiff filed a complaint against Storix, Inc. and multiple individual persons, including judges from the state and federal courts.  Defendants filed several motions to

1  dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  On February 24, 2021,
2  U.S. District Judge Todd W. Robinson heard oral argument on those motions to dismiss
3  and granted the judge defendants' motion with prejudice on immunity and other grounds.
4  Judge Robinson granted leave to file an amended complaint only against Storix, Inc., on
5  one remaining cause of action.

6  On April 15, 2021, Plaintiff filed his Second Amended Complaint – Corrected
7  ("SAC") and attached a "supplement second amended complaint (corrected) with
8  markup."[1]  Docket Nos. 46, 46-1.  The SAC pleads only one enumerated cause of action,
9  a claim for "money had and received" against Defendant Storix, Inc., SAC at ¶¶ 37-39, and
10 names only Storix in the prayer for relief, SAC at ¶¶ 44-48.  The SAC continues to name
11 the judge defendants, including Judge Huff, in both caption and pleading, but Plaintiff
12 clearly alleges, "This amended complaint contains only a single cause of action and related
13 allegations against Storix because the Court dismissed all other claims with prejudice based
14 on the defendants' motions to dismiss under Rule 12(b)(6) for failure to state a claim."
15 SAC at ¶ 36.

16 Judge Huff filed a motion to dismiss, requesting that Plaintiff's claims against her
17 be dismissed because they were already dismissed with prejudice on judicial immunity and
18 other grounds or, in the alternative, that the parts of the SAC naming Judge Huff as a
19 defendant be stricken.

## ANALYSIS

21 A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be
22 granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient
23 facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.,* 901 F.2d
24 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material

---

[1] This fact-based description is provided by the Court's docket entry text in the CM/ECF system. Plaintiff did not separately title the attachment from the pleading.  The attachment is a redline version showing changes made between the SAC and the prior pleading.

fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 565 U.S. 662, 679 (citing *Twombly*, 550 U.S. at 556).

By operation of the Court's February 24, 2021 order, Judge Huff and the other judge defendants remain dismissed with prejudice from this case. Plaintiff did not have leave to amend to include Judge Huff as a defendant, and it does not appear that he attempted to do so. Despite the inclusion of Judge Huff in the caption of the SAC, the pleading clearly states that "[t]his amended complaint contains only a single cause of action and related allegations against Storix . . . ." SAC at ¶ 36. Plaintiff concedes that his claims against Judge Huff are no longer stated in the SAC: "Even if the SAC were considered a new lawsuit (obviously it is not), it doesn't include the previously dismissed claims so there are no such claims to dismiss." Docket no. 51 at p.2. The SAC alleges one cause of action against only Defendant Storix based on Plaintiff's unequivocal statement. As there is no complaint against Judge Huff, her motion to dismiss is denied as moot; she and the other judge defendants remain dismissed from the case.

In the alternative, Judge Huff requests, pursuant to Federal Rule of Civil Procedure 12(f), that the Court strike the parts of the complaint that name her as a defendant. A district court may on its own "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993); 5A Charles A. Wright &

Arther R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990)). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Whittlestone*, 618 F.3d at 974 (quoting *Fogerty*, 984 F.2d at 1527). Here, the portions of the SAC that name Judge Huff as a defendant are both immaterial and impertinent because Judge Huff is no longer a defendant in this case.

## CONCLUSION

For the reasons above, Defendant Judge Marilyn Huff's Motion to Dismiss (ECF no. 47) Plaintiff's SAC is **DENIED AS MOOT**. Judge Huff and the other judge defendants remain dismissed with prejudice from the case. The alternative motion to strike (ECF no. 47) is **GRANTED**. The Court orders that the following portions of the SAC (ECF no. 46) will not be considered by the Court: (1) reference to Judge Huff as a defendant in the case caption; (2) paragraph two; and (3) paragraph twelve. Plaintiff has requested a hearing date, and at that hearing the Court will instruct Plaintiff, who is pro se, about the refiling of the SAC in compliance with this Order.

**IT IS SO ORDERED**.

Dated: February 4, 2022

_____
Honorable Jinsook Ohta
United States District Judge