UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY JOHNSON, | Case No.: 20-cv-1354-JO-MSB |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND GRANTING MOTION TO DISMISS AND DENYING AS MOOT MOTION FOR ENTRY OF PARTIAL JUDGMENT** |
| v. | |
| DAVID KINNEY, et al., | |
| Defendants. | |

Defendant Storix, Inc. filed a motion for an order declaring Plaintiff Anthony Johnson a vexatious litigant and a motion to dismiss under Rule 12(b)(6). Plaintiff filed a motion for entry of partial judgment under Rule 54(b), to immediately appeal his previously dismissed claims. On February 16, 2022, the Court held oral argument.

For the reasons stated on the record during oral argument, the Court grants the parties' requests that the Court take judicial notice under Fed. R. Evid. 201, denies without prejudice the motion to declare Plaintiff a vexatious litigant [Dkt. 28], and denies as moot Plaintiff's motion for entry of partial judgment [Dkt. 61]. For the following reasons, the

Court grants the motion to dismiss Plaintiff's common count for money had and received [Dkt. 49] as duplicative of Plaintiff's claim in an earlier filed case and, in the alternative, as barred by claim preclusion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Litigation History

The litigation history between Plaintiff Anthony Johnson, Defendant Storix, Inc., and individual shareholders and directors of Storix is lengthy, with multiple cases in state and federal courts. The Court took judicial notice of multiple complaints and filings in lawsuits between Storix, Plaintiff, and other related parties.

Prior to filing this case, Plaintiff sued Storix for copyright infringement in federal court in 2014, and Storix counterclaimed for declaratory judgment. *Johnson v. Storix*, Case no. 3:14-cv-1873-H-BLM.[1] In 2015, Storix filed in state court a claim for breach of fiduciary duty against Plaintiff, and Plaintiff later cross-complained against five individual Storix shareholders, directors, or officers—David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smilkovich—alleging claims for breach of fiduciary duty, civil conspiracy, and fraud. *Storix v. Johnson*, Case no. 37-2015-28262-CU-BT-CTL. Later the same year, Plaintiff filed a shareholder derivative action in state court on behalf of Storix against the same individual defendants for claims of breach of fiduciary duty, abuse of control, corporate waste, and accounting. *Johnson v. Huffman*, Case no. 37-2015-34545-CU-BT-CTL.

### B. Most Recent Federal Case Filed By Plaintiff Johnson

Most recently, Plaintiff filed an earlier case in this Court on June 24, 2019, *Johnson v. Altamirano*, Case no. 3:19-cv-1185 (S.D. Cal.) ("*Altamirano*"), which was ultimately

---

[1] Pursuant to Fed. R. Evid. 201, the Court also takes judicial notice of the dockets and all filings in the related cases filed in this Court: *Johnson v. Storix*, Case no. 3:14-cv-1873-H-BLM, and *Johnson v. Altamirano*, Case no. 3:19-cv-1185-H-BLM, including the state court pleadings, filings, and appeals filed as part of the record in those two federal cases.

assigned to U.S. District Judge Marilyn Huff.[2] In *Altamirano*, Plaintiff alleged diversity jurisdiction and pled state law claims against (1) Storix; (2) Storix shareholders and directors Manuel Altamirano, David Kinney, David Huffman, and Richard Turner (there, alleged as "Partner-Defendants");[3] and (3) two attorneys for Storix, Sean Sullivan and Paul Tyrell. Plaintiff alleged that from 2003–2011, he was the sole shareholder, officer, and director of Storix and that, prior to taking medical leave in September 2011, he agreed to issue 1500 new shares of Storix to Partner-Defendants, reducing Plaintiff's ownership of Storix to 40%. Dkt. 49-4 at 111, ¶¶ 10–12.

In *Altamirano*, Plaintiff alleged, among other state causes of action, a California claim for conversion against Partner-Defendants as follows:

> Johnson was owed all undistributed profits of Storix earned prior to Partner-Defendants became [sic] shareholders, and such money is personal property of Johnson. Partner-Defendants substantially interfered with Johnson's property by knowingly and intentionally taking possession of the money Johnson was entitled to, preventing Johnson's access to the money or records pertaining to it, using the money for their personal benefit, and refusing to return Johnson's money after he discovered the conversion and demanded it be returned to him.

Dkt. 49-4 at 121, ¶ 50.

Plaintiff alleged in *Altamirano* that he "was harmed by the conversion of $475,560 owed to him," as a result of the alleged wrongful conduct. *Id.* at 121, ¶ 52. Plaintiff sought "general and special damages against all defendants [including Storix and Partner-

---

[2] A thorough litigation history between the parties is found at *Johnson v. Altamirano*, Case no. 3:19-cv-1185-H-BLM (S.D. Cal. Jun 8, 2021), at Dkt. 113 at 2–8.

[3] Plaintiff alleged in *Altamirano* "[b]ecause defendants Altamirano, Turner, Kinney and Huffman, unless otherwise stated, are shareholder/partners of Plaintiff in the business of Storix and knowingly conspired to initiate, continue or otherwise commit certain wrongful acts alleged below, they are hereafter collectively referred to as 'Partner-Defendants'." Dkt. 49-4 at 110, ¶ 4.

Defendants], jointly and severally" and "recovery of Storix's earnings owed to Johnson." *Id.* at 125, ¶¶ 72, 74.

On June 8, 2021, the district court in *Altamirano* dismissed with prejudice two claims on grounds of *res judicata*, because Plaintiff's claim for conversion was barred by his prior accounting claim in the state court action and his claim for breach of fiduciary duty was barred by his prior claim for breach of fiduciary duty in state court. *Altamirano* Dkt. 113 at 12–20. The judgment in *Altamirano* is currently pending on appeal, and briefing is filed. *See Johnson v. Altamirano*, Case no. 21-55614 (9th Cir. filed June 14, 2021).

**C. The Instant Federal Court Case**

On July 16, 2020, during a stay in the pending *Altamirano* case, Plaintiff filed his original complaint here, against (1) Storix; (2) five Storix directors, officers, or shareholders: David Kinney, David Huffman, Manuel Altamirano, Richard Turner, and David Smiljkovich; (3) various attorneys and judges who had been involved in Plaintiff's prior cases, including Storix's counsel of record and Judge Huff. Plaintiff originally alleged federal civil rights violations against all Defendants and two California common count claims against Storix. U.S. District Judge Todd Robinson, then assigned to this case, dismissed the civil rights claims against all Defendants and the California claim against Storix for *quantum valebant*. Dkt. 44 at 69, 79–82.

In the operative Second Amended Complaint ("SAC"), filed on April 15, 2021, Plaintiff brought a single California common count for money had and received and named Storix as the sole Defendant to that count. Dkt. 46. Plaintiff alleged that while he was originally "Storix's sole shareholder, officer, and director," SAC at ¶ 14, on September 21, 2011, he gifted a 60% share of the company to his long-term employees, David Huffman, Richard Turner, Manuel Altamirano, and David Kinney [*Altamirano*'s Partner-Defendants] and turned over control of the company to them. SAC at ¶ 16, 19. On that day, new shareholders Huffman, Turner, Altamirano, and Kinney were elected to the Storix board, and Johnson resigned as Board Member and President. SAC at ¶ 19. Plaintiff

alleged that, since then, the *Altamirano* Partner-Defendants owned 60% of Storix and "maintained a controlling majority of Storix's shares, the board of directors [and] all officer positions." SAC at ¶ 16.

Prior to transferring any Storix shares, Plaintiff "declared a distribution of all company earnings to be paid to him for the period in which he was the sole shareholder. Storix became indebted to [him] for all profits during the time he was the only shareholder." SAC at ¶ 17. Plaintiff alleged that he was denied the profits that he had declared prior to transfer of ownership because "[a]t the end of 2011, the new board [Partner-Defendants Huffman, Turner, Altamirano, and Kinney] substantially underreported Storix's annual profits" and falsely "reported to Johnson that all company profits earned while he was Storix's sole shareholder had been distributed to him." SAC at ¶¶ 19–20.

Plaintiff pled his common count for money had and received against Storix as follows:

> Storix declared that all profits earned while Johnson was the company's sole shareholder were to be distributed and were therefore Johnson's personal property to which he is fully entitled. Storix took possession and retained substantial money owned [sic] to Johnson and is indebted to Johnson for the amount owed. [] Since September 2011, the Storix board had no authority to supersede the distributions declared by Johnson while he was the sole company director, nor did it have authority to distribute the money owed to Johnson to other shareholders or appropriate it for any other use.

SAC at ¶¶ 38–39.

Plaintiff alleged that he "was harmed by Storix's concealment and unlawful retention of $475,560 owed to him," SAC at ¶ 43, the same amount of money that Plaintiff sought in his *Altamirano* conversion claim from Partner-Defendants. Dkt. 49-4 at 121, ¶ 52.

Defendant Storix moved to dismiss the SAC on multiple grounds, including because the remaining count in the SAC is duplicative of the conversion count in *Altamirano*. At the time Defendant filed its motion to dismiss, the *Altamirano* court had not yet dismissed the conversion claim with prejudice on grounds of *res judicata*.

## II. ANALYSIS

### A. Legal Standard

When reviewing a motion to dismiss under Rule 12(b)(6), the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Where, as here, Plaintiff proceeds *pro se*, the Court liberally construes the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. In reviewing a motion to dismiss, courts may look to judicially noticeable facts, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994), and need not accept as true allegations that contradict judicially noticed facts. *Schwartz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

### B. Duplicative Claims or Impermissible Claim Splitting

The Court examines whether Plaintiff's SAC should be dismissed because it is duplicative of his earlier filed conversion claim in *Altamirano*. The claim splitting doctrine gives courts discretion to dismiss a duplicative second case with prejudice to prevent piecemeal litigation. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 694 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). A plaintiff generally may not file a second complaint and "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (citation omitted).

As the *Adams* court explained, to "determine whether a suit is duplicative, [courts] borrow from the test for claim preclusion." *Id.* A second case is duplicative of one previously filed by the party where "the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689. To determine whether the causes

of action should have been brought in the same action, federal courts apply four factors, the last of which is the most important:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id.* (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

Even liberally construing a *pro se* plaintiff's complaint, as courts must under Fed. R. Civ. P. 12(b)(6), a district court does not err in dismissing a duplicative complaint where the *Adams* test is satisfied. *See Patten v. Clark*, 623 Fed. App'x. 889, 890 (9th Cir. 2015).

### 1. Causes of Action Are the Same

Plaintiff's allegations demonstrate a common transactional nucleus of facts between the instant cause of action and his cause of action for conversion in *Altamirano*. Both complaints alleged that Plaintiff took actions as a sole shareholder that entitled him to Storix's undistributed profits. SAC at ¶ 17; Dkt. 49-4 at 111, ¶¶ 11–12; *id.* at 121, ¶ 50. Both complaints alleged that, after Plaintiff passed majority ownership of Storix to Partner-Defendants in 2011, Partner-Defendants took actions to deprive Plaintiff of Storix's undistributed profits. Dkt. 49-4 at 113, ¶ 19; *id.* at 121, ¶ 50; SAC at ¶¶ 17, 20, 37–39.

The shared nucleus of facts in both cases forms one "convenient trial unit" that rests on substantially the same evidence. *Adams*, 487 F.3d at 690. Both the *Altamirano* conversion count and the instant claim require (1) proof of Johnson's entitlement to undistributed profits, whether drawn from corporate documents, accounting records, or employee testimony, and (2) the actions taken by Storix and Partner-Defendants regarding this money. The fact that the two claims are styled differently does not change the fact that the "claims in both complaints relate to the same set of facts." *Id.*

Plaintiff's *Altamirano* conversion claim and the instant action also share a common nexus of the same impacted rights and requested relief, supporting a finding that the claims are duplicative. *See id.* at 690–91. Both complaints alleged that Storix retained undistributed profits after Plaintiff's transfer of majority ownership in 2011. Dkt. 49-4 at 121, ¶ 50; *id.* at 125, ¶ 74; SAC at ¶¶ 18–20, 42–43. Both complaints sought relief in the amount of $475,560. Dkt. 49-4 at 121, ¶ 52; SAC at ¶ 43. As pled, Plaintiff's conversion claim in *Altamirano* and his claim in this case seek to vindicate the same right in the same dollar amount from Storix's profit. Dkt. 49-4 at 111, ¶ 12; *id.* at 121, ¶ 52; SAC at ¶¶ 19, 20, 38.

Finally, the Court examines whether the rights or interests established in *Altamirano* would be destroyed or impaired by prosecution of Plaintiff's cause here. *See Adams*, 487 F.3d at 689 (quotation omitted). In *Altamirano*, Partner-Defendants obtained a dismissal of Plaintiff's conversion claim on *res judicata* grounds. If this case were to proceed, Partner-Defendants would be deprived of the benefit of that judgment in their favor and have to defend this action involving substantially the same transactional facts, rights, and requested relief.

**2. Privity Exists Between the Parties**

Finally, in determining whether a previous suit should bar this action as duplicative, the Court must consider whether the parties to the two suits are the same, and if not, whether privity exists between the different parties. "Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (internal quotation omitted). Federal courts deem several relationships sufficiently close to find privity, even to bind a non-party, including one "whose interests were represented adequately by a party in the original action" or "where there is substantial identity between" the party and the nonparty. *Id.* at 1082 (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). "When a person owns most or all of the shares in a corporation and controls the affairs of the corporation,

it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest." *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983).

Here, the Court does not seek to bind a non-party to a prior suit. Plaintiff Johnson is identical in both lawsuits, and at the original filing of each lawsuit, Storix and Partner-Defendants were named parties in both cases. There, however, Plaintiff named Partner-Defendants in the conversion claim, and here, Plaintiff names Storix in the substantially identical common count. Thus, the Court examines whether there is substantial identity between Partner-Defendants in *Altamirano* and Storix here such that they can be deemed in privity.

The facts alleged by Plaintiff demonstrate sufficient commonality of interest between the company and its Partner-Defendants to find that privity exists. During the time periods at issue in both actions, the Court can presume commonality of interest from Partner-Defendants' significant ownership and control of the company: Partner-Defendants "retained a collective majority of Storix's outstanding shares, the majority of Storix board seats, all officer positions, and have maintained sole possession and exclusive control of all accounts and records of Storix." Dkt. 49-4 at 117, ¶ 32; *In re Gottheiner*, 703 F.2d at 1140. Furthermore, as Plaintiff alleged in *Altamirano,* the wrongful acts by the company were those of Partner-Defendants: "*[e]very act and decision of Storix relevant to this action was exclusive [sic] that of Partner-Defendants.*" Dkt. 49-4 at 117, ¶ 32 (emphasis added). As there is no material distinction between the wrongful acts that Plaintiff alleged against Partner-Defendants and Storix, these two defendants have a sufficient commonality of interest in defending the instant claim for money had and received.[4]

---

[4] The Court notes that David Huffman, a Partner-Defendant, appeared at oral argument as Storix's party representative.

Plaintiff argues that this court's dismissal on duplicative claims ground would be inappropriate because the *Altamirano* judgment is pending on appeal.[5] As set forth in *Adams*, however, a final decision is not a requirement for a duplicative claims analysis. 487 F.3d at 689.

**C. *Res Judicata* in the Alternative**

When the instant Rule 12(b)(6) motion to dismiss was filed on April 29, 2021, the court in *Altamirano* had not yet decided Plaintiff's conversion claim was barred by *res judicata*. Since then, the court in *Altamirano* dismissed with prejudice Plaintiff's conversion claim and entered final judgment. Because there is now a final judgment in the earlier filed *Altamirano* case, the Court also conducts a *res judicata* analysis in the alternative.

To determine the claim-preclusive effect of the federal diversity court's dismissal with prejudice of Plaintiff's state conversion claim, this Court must apply the law of the State in which the *Altamirano* court sits, California. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (holding that "federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity" and "adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits"); *see also Gustafson v. U.S. Bank N.A.*, 618 Fed. App'x 921, 922 (9th Cir. 2015).

In California, "res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them."

---

[5] "Under California law, . . . a judgment is not final for purposes of *res judicata* during the pendency of and until the resolution of an appeal." *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (quoting *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985); *Nathanson v. Hecker*, 99 Cal. App. 4th 1158, 1163 n.1 (2002). A federal district court's dismissal of Plaintiff's conversion claim, however, is final for *res judicata* purposes even with the appeal pending. *See Sosa*, 437 F.3d at 928. However, the Court declines to reach Defendant's *res judicata* challenge to the SAC on grounds that a prior state claim for accounting bars both Plaintiff's conversion and money had and received claims. The issue is before the Court of Appeals, *Johnson v. Altamirano*, Case no. 21-55614 (9th Cir. filed June 14, 2021), at Dkt. 8, 24. In the event of remand, the earlier filed case in this district should review any remaining issues.

*Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002); *see also Samara v. Matar*, 5 Cal. 5th 322, 327 (2018) (addressing the preclusive effects of claims addressed by trial court judgment but not addressed on appeal). Claim preclusion bars a second suit with (1) the same cause of action (2) between the same parties or their privies (3) after a final judgment on the merits in the first suit. *See DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015); *Mycogen Corp.*, 28 Cal. 4th at 896.

### 1. Causes of Action Are the Same

California law requires that courts conduct a primary rights analysis to determine whether two causes of action are the same. *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010); *see also Hi-Desert Med. Ctr. v. Douglas*, 239 Cal. App. 4th 717, 733–34 (2015). "[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Boeken*, 48 Cal. 4th at 798. "[T]he significant factor guiding the application of the doctrine is whether the 'cause of action' is for invasion of a single primary right; whether the same facts are involved in both suits is not conclusive." *Franceschi v. Franchise Tax Bd.*, 1 Cal. App. 5th 247, 258 (2016). The primary rights doctrine "also precludes litigation of claims that could have been brought in the prior action but were not." *Id.*; *Mycogen Corp.*, 28 Cal. 4th at 897.

Based on the above analysis that Plaintiff's claim in this case and the *Altamirano* case share a common transactional nucleus, seek vindication of the same right, and request the same relief, the Court concludes that the same primary right was involved in both suits for *res judicata* purposes.

### 2. Parties or Privies Are the Same

California claim preclusion law requires that the parties or their privies are the same. Under California's claim preclusion analysis, "privity requires the sharing of 'an identity or community of interest,' with 'adequate representation' of that interest in the first suit, and circumstances such that the nonparty 'should reasonably have expected to be bound'

by the first suit." *Cal Sierra Dev., Inc. v. George Reed, Inc.*, 14 Cal. App. 5th 663, 672–73 (2017) (quoting *DKN Holdings, LLC*, 61 Cal. 4th at 826).

As explained in the privity analysis above, the Court finds that the Plaintiff is identical in both cases and that Storix and Partner-Defendants share a commonality of interest with regard to defending Plaintiff's claims against Storix in the instant matter.

### 3. Judgment on the Merits Is Final

Finally, for *res judicata* to bar the instant action, the ruling on Plaintiff's *Altamirano* conversion claim must constitute a final judgment on the merits. First, under both California and federal law, "dismissal with prejudice is considered a judgment on the merits preventing subsequent litigation between the parties on the dismissed claim." *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 91 (2020); *Goddard v. Security Title Ins. & Guar. Co.*, 14 Cal. 2d 47, 52 (1939); *see also Semtek Int'l, Inc.*, 531 U.S. at 504–06. Federal district court judgments, unlike California state court judgments, are final for purposes of *res judicata* during the pendency of an appeal. *Sosa*, 437 F.3d at 928 (citing *Calhoun v. Franchise Tax Bd.*, 20 Cal. 3d 881, 887 (1978)). Here, the *Altamirano* court dismissed Plaintiff's earlier filed conversion claim with prejudice on June 8, 2021. Although *Altamirano* is pending on appeal, the district court's order is a final judgment on the merits for purposes of *res judicata*.

For the above reasons, the Court concludes that, in the alternative, *res judicata* bars Plaintiff's claim for money had and received against Storix.

### III. CONCLUSION

For the reasons above, the Court GRANTS the motion to dismiss [Dkt. 49] and dismisses with prejudice Plaintiff's Second Amended Complaint. The Court concludes that the instant case is duplicative of the previous conversion claim. Alternatively, the case is precluded by the dismissal with prejudice of Plaintiff's conversion claim in *Altamirano*. The Court declines to reach Defendant's other grounds for dismissal. In the event the

//

earlier *Altamirano* case is remanded to the district court, that court is the appropriate forum to decide any remaining issues.

For the reasons stated on the record during oral argument, the Court DENIES without prejudice the motion to declare Plaintiff a vexatious litigant [Dkt. 28]. In light of the dismissal and for the reasons stated during oral argument, the Court DENIES AS MOOT the motion for entry of partial judgment [Dkt. 61].

**IT IS SO ORDERED**.

Dated: 3/29/22

Hon. Jinsook Ohta
United States District Judge