UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>  Plaintiff,<br><br>v.<br><br>DAVID KINNEY; STORIX, INC.; et al.,<br><br>  Defendants. | Case No.: 20cv1354<br><br>**ORDER DENYING AMENDED MOTION TO RECONSIDER** |

On March 30, 2022, the Court granted Defendant Storix, Inc.'s motion to dismiss Plaintiff Anthony Johnson's remaining cause of action on grounds of (1) impermissible claim splitting between two district courts and (2) *res judicata* (the "March 30 Order").[1] The Clerk entered judgment against Plaintiff on the same day. On April 6, 2022, Plaintiff first filed a motion to reconsider, withdrew it, and then filed an amended motion to reconsider the March 30 Order, arguing that the Court committed "manifest errors of law" and "failed to acknowledge numerous arguments and authority in [his] opposition" to the motion to dismiss. *See* Dkt. 76-1 at 2. For the following reasons, the Court denies Plaintiff's amended motion to reconsider [Dkt. 76].

---

[1] Plaintiff filed an earlier case in this district, *Johnson v. Altamirano*, Case no. 3:19-cv-1185 (S.D. Cal.) ("*Altamirano*"), against Storix, Inc.; Storix shareholders and directors (the "Partner-Defendants"); and two attorneys for Storix.

1

At the outset, the Court construes the motion for reconsideration, which Plaintiff files pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6), as a Rule 59(e) motion. Reconsideration under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). The Ninth Circuit identifies three grounds for reconsideration, (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) to correct clear error in the prior decision or a result of manifest injustice. *See Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998); *see also Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

Here, Plaintiff has failed to establish that new facts, new law, clear error, or manifest injustice merit reconsideration of the Court's March 30 Order. Plaintiff's motion identifies no newly discovered evidence or intervening change in controlling law. Plaintiff also fails to establish clear error in the March 30 Order. For the reasons set forth in the March 30 Order, the Court concludes its rulings there—that (1) Storix and the *Altamirano* Partner-Defendants are in privity; (2) Plaintiff's conversion claim in the *Altamirano* case and his claim for "money had and received" in this case involve the same primary right, the same transactional nucleus of facts, and the same requested relief; and (3) application of federal and state claim preclusion law yields the same results—are not clearly erroneous. *See* Dkt. 73. Finally, the Court disagrees with Plaintiff's contention that the March 30 Order resulted in manifest injustice because it allowed Storix "to retain substantial money owed to Johnson" on which "Johnson has already paid income tax." Dkt. 76-1 at 2. The Court's ruling based on claim splitting and *res judicata* was premised on the fact that Johnson had the opportunity to raise his concerns regarding these substantial sums elsewhere.

After review of the briefs on the motion to reconsider and the record as a whole, the Court concludes that the extraordinary remedy of reconsideration is not warranted here and denies the motion.

**IT IS SO ORDERED**.

DATED: August 17, 2022

_____
Hon. Jinsook Ohta
United States District Judge